IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **JIMMY F. SCOTT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case: 2:06-CV-1511-VEH-TMP |
| ) | |
| **BILL PRATER,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OF OPINION

This nonjury prisoner civil rights case was initiated by Plaintiff Jimmy F. Scott ("Scott") on August 2, 2006. (Doc. 1). On April 2, 2009, the magistrate judge conducted an evidentiary hearing with respect to Mr. Scott's claims of excessive force against the remaining defendant, Bill Prater ("Prater"). Subsequently, the magistrate judge filed a report and recommendation on April 13, 2009, recommending that judgment be entered in favor of Prater, and against Scott. (Doc. 38).

The report and recommendation process is set forth statutorily in 28 U.S.C. § 636, which states in part that:

**(b)(1)** Notwithstanding any provision of law to the contrary–

**(A)** a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an

> indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.
>
> **(B)** a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and <u>of prisoner petitions challenging conditions of confinement</u>.
>
> **(C)** the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.
>
> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. <u>A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made</u>. <u>A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge</u>. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b) (footnotes omitted) (emphasis by underlining added); see also

Fed. R. Civ. P. 72(b) (addressing procedures for handling dispositive motions and

prisoner petitions when magistrate judges are involved).

Regarding the *de novo* review requirement in particular, the district court's obligation is to independently review only those portions of the record to which objections are made as opposed to the entire record. *See, e.g., Washington v. Estelle*, 648 F.2d 276, 282 (5th Cir. 1981) ("Both in his brief and at oral argument, Washington maintains that the District Court erred in reviewing *de novo* only the objected to portion of the magistrate's findings, rather than reviewing the entire record *de novo*.");[1] *id.* ("Based on the language of this order, we are convinced that the District Judge sufficiently complied with the act which requires "'a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'") (citations omitted).[2]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] In *Washington*, the district judge's order adopting the magistrate judge's proposed decision stated:

> The Court having considered the Findings and Recommendations of the United States Magistrate filed on September 19, 1979, and the Court further having reviewed and considered the written objections filed by the Petitioner herein on October 2, 1979, and <u>the Court having made a *de novo* review of the objections raised by the Petitioner</u> and the Court being of the opinion that the findings are correct and that the objections are without merit,
>
> IT IS, THEREFORE, ORDERED that the Findings, Conclusions and Recommendations of the United States Magistrate are adopted.

As the Eleventh Circuit subsequently explained the *de novo* review process under § 636(b):

> <u>Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue.</u> *See Nettles v. Wainwright, supra*. As the use of the phrase *de novo* implies, the district court's consideration of the factual issue must be independent and based upon the record before the court. To the extent that the magistrate has made findings of fact based upon the testimony of the witnesses heard before the magistrate, the district court is obligated to review the transcript or listen to the tape-recording of those proceedings. After doing so, however, the factual conclusions reached by the district court are subject only to a "clearly erroneous" standard of review on appeal. *See* F.R.C.P. 52(a); *Anderson v. Bessemer City*, 470 U.S. 564, 105 S. Ct. 1504, 84 L. Ed. 2d 518 (1985).

*LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) (emphasis added).

However, in this instance, no objections have been filed by any party. Therefore, § 636(b)'s *de novo* review requirement has not been triggered, and this Court is under no obligation to independently review the record regarding previously contested areas resolved by the magistrate judge.[3]

---

648 F.2d at 282 (emphasis added) (citation omitted).

[3] Additionally, the failure to file objections limits a litigant's ability to challenge the magistrate judge's factual findings that are subsequently adopted by the district court on appeal. In *U.S. v. Warren*, 687 F.2d 347 (11th Cir. 1982), relying upon precedent from the Fifth Circuit, the Eleventh Circuit held that "[t]he absence of objections to the magistrate's report and recommendations limits the scope of appellate review of factual findings to plain error or manifest injustice but does not limit review of legal conclusions." *Warren*, 687 F.2d at 348 (citations omitted).

Moreover, having carefully reviewed and considered all the materials in the court file, including the report and recommendation and the transcript from the nonjury evidentiary hearing (Doc. 41), the Court is of the opinion that the magistrate

---

Similar to this case, in *Warren,* pursuant to § 636(b)(1)(B), "[t]he magistrate conducted an evidentiary hearing, issued a report and recommendation that the motion be denied, and informed the parties that objections must be filed to his report within 10 days." *Id.* Here, the magistrate judge advised Scott that the "[f]ailure to file written objections to the proposed findings and recommendations contained in this Report and Recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal." (Doc. 38 at 6); *see also Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice.") (citations omitted).

In defining the "plain error" standard, the Eleventh Circuit has explained:

> There is little practical distinction between the "plain error" standard of review applicable to unchallenged findings of fact by a magistrate and the "clearly erroneous" standard of review relevant to fact findings by the district court. Given the role of the magistrate in improving the efficiency of the federal judiciary by conducting hearings and making findings upon reference by the district court, there is little reason to apply a different standard of review to the fact findings of a magistrate where there is no objection to those findings by the parties. Thus, in the final analysis, all of the findings of fact reached by the district court, whether by way of a magistrate or *de novo* review of the record or an independent evidentiary hearing, are subject to reversal on appeal only if clearly erroneous.

*LoConte*, 847 F.2d at 750 (emphasis added). Therefore, within the Eleventh Circuit, plain error and clearly erroneous are interchangeable as applied.

judge's factual findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**.  Relatedly, the Court **EXPRESSLY FINDS** that Defendant Prater is entitled to judgment as a matter of law.

Regarding the factual findings more specifically, the Court notes that the magistrate judge "hear[d] disputed evidence presented ore tenus without a jury[,]"[4] and made certain credibility determinations based upon the testimony and other evidence that he heard and received during the hearing.  Under the circumstances of this nonjury case, the Court defers to the magistrate judge's assessment of any credibility issues because he personally observed the witnesses' verbal and nonverbal actions while they were testifying under oath before him.

Furthermore, in light of this stated deference, the Court sees no error with the magistrate judge's proposed factual findings, much less any clearly erroneous one,[5]

---

[4] *State Auto Mut. Ins. Co. v. McIntyre*, 652 F. Supp. 1177, 1192 (N.D. Ala. 1987).

[5] As noted above, if appealed, this Court's factual findings will, as a practical matter, be reviewed by the Eleventh Circuit under a clearly erroneous standard:

> If the district court's account of the evidence is plausible in light of the record reviewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. <u>Where there are two permissible views of the evidence, the fact finder's choice between them cannot be clearly erroneous</u>.

including in particular his finding that Scott's "testimony concerning th[e] [June 29, 2006] incident [in which Prater purportedly assaulted him to be] not credible." (Doc. 38 at 3 ¶ 6); *see also Lender v. Unum Life Ins. Co. of America, Inc.*, 519 F. Supp. 2d 1217, 1222 (M.D. Fla. 2007) ("Although this Court finds no cases that explicitly state the clearly erroneous standard applies to non-objected to findings by the Magistrate Judge, or additional findings by the district court judge, this Court holds that to be the standard of review."); *Lender*, 519 F. Supp. 2d at 1222 ("Because neither party in the instant case filed objections to the R & R despite receiving appropriate notice, the findings made in the Magistrate Judge's R & R are reviewed under the clearly erroneous standard."); *Hamad ex rel. Hamad v. Busch Entertainment Corp.*, No. 8:04-cv-1940-T-17MAP, 2006 WL 2666116, at *4 (M.D. Fla. Sept. 15, 2006)

---

> *Anderson v. Bessemer City*, 470 U.S. 564, 573-574, 105 S. Ct. 1504, 1511-1512, 84 L. Ed. 2d 518, 528 (1985). Rule 52(a) of th e Federal Rules Of Civil Procedure expressly establishes the "clearly erroneous" standard of review as to all types of findings of fact by a district court, and it is not limited simply to findings that turn upon credibility determinations. *See Anderson v. Bessemer City, supra*.

*LoConte*, 847 F.2d at 750 (emphasis added). Because this Court's findings are subject to a clearly erroneous level of review by the Eleventh Circuit and because the *de novo* review provision is not applicable here, the Court views the magistrate judge's findings with the same clearly erroneous lens. Under such circumstances, this Court agrees with the holdings of *Lender* and *Hamad* cited *infra* that the appropriate standard for this Court to use when evaluating a magistrate judge's factual findings <u>without any objections</u> is the clearly erroneous standard.

("When no objections are made to the Magistrate Judge's R & R, the case law seems to indicate that the district court should review the findings using the same clearly erroneous standard of review that an appellate court must use when reviewing the district court's findings."); *Hamad*, at *4 ("Although this Court finds no cases that explicitly state the clearly erroneous standard applies to non-objected to findings by the Magistrate Judge, or additional findings by the district court judge, this Court holds that to be the standard of review."); Fed. R. Civ. P. 72 advisory committee notes (1983) ¶ (b) ("When no timely objection is filed, <u>the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation</u>.") (emphasis added) (citations omitted); *cf. id.* ¶ (b) ("The term '*de novo*' signifies that the magistrate's findings <u>are not protected by the clearly erroneous doctrine</u>, but does not indicate that a second evidentiary hearing is required.") (citing *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980) ("It should be clear that on these dispositive motions, the statute calls for a *de novo* determination, not a *de novo* hearing.")) (emphasis added) (other citation omitted).

Accordingly for all the foregoing reasons, this action is due to be **DISMISSED WITH PREJUDICE**.  A Final Judgment will be entered.

**DONE** and **ORDERED** this the 18th day of June, 2009.

                                                                    /s/ Virginia Emerson Hopkins
                                                                    **VIRGINIA EMERSON HOPKINS**
                                                                    United States District Judge